UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YVONNE VAVOUKAKIS,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:23-cv-01862-EJY<br><br>**ORDER** |

Yvonne Vavoukakis ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") finding Plaintiff was not disabled under Title II of the Social Security Act. ECF No. 13. Defendant filed a Cross-Motion to Affirm and Response (ECF Nos. 15, 16). Plaintiff did not file a Response to the Cross-Motion or a Reply in support of her brief seeking judicial review of Defendant's final decision.

**I.   Background**

Plaintiff filed an application for Title II disability benefits on July 29, 2020. Administrative Record ("AR") 433-34. The Social Security Administration denied Plaintiff's application initially and upon reconsideration after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 295-303, 305-314, 338-339. The ALJ held a hearing on March 7, 2023. AR 240-266. On April 4, 2023, the ALJ issued a decision finding Plaintiff was not disabled from her alleged onset date through the date of the decision. AR 18-40. Plaintiff requested review of the ALJ's decision (AR 429-432), which was denied by the Appeals Council on October 17, 2023 (AR 1-3). Plaintiff now seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**II.   Standard of Review**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla," which means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. --, 139 S.Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III. Establishing Disability Under the Act

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of

2

proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

**IV.     Summary of ALJ's Decision**

The ALJ applied the 5-step sequential analysis under 20 C.F.R. § 404.1520 finding Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2021. AR 21. At step one of the sequential process, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of August 17, 2019 through her last insured date of December 31, 2021. *Id.* The ALJ next found Plaintiff has the following severe impairments:

3

spine disorder, other arthropathies, obesity, and neurological disorder (step two).  AR 21-26.  The ALJ then concluded that through the date last insured, Plaintiff's impairments did not meet or medically equal the criteria in the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1 (step three).  AR 26.  In preparation for step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work, except Plaintiff can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently; can stand and/or walk for six hours out of an eight-hour workday; and can sit for six hours out of an eight-hour workday.  AR 27-32.[1]  The ALJ further determined Plaintiff can occasionally climb ramps or stairs and stoop, kneel, crouch, or crawl; but should avoid extreme cold and hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers.  *Id*.  At step four, the ALJ concluded that, through the date last insured, Plaintiff was capable of performing past relevant work as a ticket agent as generally performed in the national economy, and this work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).  AR 33-34.  On this basis, the ALJ concluded Plaintiff was not disabled at any time from August 17, 2019, the alleged onset date, through December 31, 2021, the date last insured (step five).  AR 34-35.

**V.    Issues Presented**

Plaintiff presents three issues for the Court.  First, Plaintiff argues the ALJ failed to articulate specific, clear and convincing reasons in rejecting Plaintiff's hearing testimony.  ECF No. 13 at 5.  Second, Plaintiff alleges that the ALJ inappropriately cherry-picked evidence from the record supporting the ALJ's conclusion and ignoring evidence to the contrary.  *Id*. at 10-11.  Third, Plaintiff contends the ALJ only cited *de minimis* activities of daily living to discredit her testimony, which is an inadequate basis to do so.  *Id*. at 11.

Plaintiff asks the Court to apply the credit as true standard to her claims because if the ALJ had credited her subjective symptom testimony as true, she would be found disabled.  *Id*. at 13-16.  Thus, Plaintiff says her case should be remanded with instructions to pay benefits.  At the very least, Plaintiff says her case must be remanded for further administrative proceedings.  *Id*.

---

[1]    The RFC is the most a claimant can still do in a work setting despite impairment related limitations and is based on all the evidence in the record.  20 C.F.R. § 404.1545(a)(1).

**VI.  Discussion**

    A.    <u>The ALJ Failed to Address How Specific Parts of Plaintiff's Testimony Were Inconsistent With Plaintiff's Prior Statements, Her Activities of Daily Living, And Objective Medical Records</u>.

"[I]f the ALJ's credibility analysis of the … [plaintiff's] testimony shows no malingering, then the ALJ may reject the claimant's testimony about severity of symptoms with specific findings stating clear and convincing reasons for doing so." *Batson*, 359 F.3d at 1196 (citations and internal quotation marks omitted).[2] "This requirement is very difficult to satisfy." *Stevenson v. Berryhill*, Case No. CV 16-9524 JC, 2017 WL 6557414, at *3 (C.D. Cal. Dec. 21, 2017), *citing Trevizo v. Berryhill,* 871 F.3d 664, 678 (9th Cir. 2017).  An ALJ must clearly identify each statement being rejected and the particular evidence in the record which undermines the statement. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted).  "General findings are insufficient." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal quotation omitted). "An ALJ's failure to provide 'specific, clear, and convincing reasons' for rejecting a plaintiff's pain and symptom testimony constitutes legal error that is not harmless because it precludes a court from conducting a meaningful review of the ALJ's reasoning and ensuring that the plaintiff's testimony is not rejected arbitrarily." *Suica v. Saul*, Case No. 2:20-CV-00853-BNW, 2021 WL 2624515, at *6 (D. Nev. June 25, 2021), *citing Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

    *i.*    *The ALJ failed to address how specific parts of Plaintiff's testimony were inconsistent with her prior statements to medical providers.*

The ALJ found "claimant's statements regarding the alleged intensity, persistence, and limiting effects of symptoms are inconsistent with existing statements the claimant made under other circumstances" because "[r]epeatedly, the claimant reported improved quality of life and functionality/activities of daily living."  AR 32.  The ALJ then provides a list of citations from records dated November 18, 2020 to June 20, 2022.  AR 32.  Plaintiff contends the ALJ does not put "improved quality of life and daily activities" into context or explain how it would belie Plaintiff's

---

[2]     There is no mention of evidence of malingering in the ALJ's findings.  AR 15-40.

testimony and reported symptoms. ECF No. 13 at 9.³ Defendant argues Plaintiff's admissions of improvement from December 2020 to June 2022, which the ALJ cites, were inconsistent with her subjective impairment allegations thereby providing an adequate basis for the ALJ's conclusions. ECF No. 15 at 5-6. Defendant contends Plaintiff's treatment notes show Plaintiff's complaints of pain steadily decreased over time further supporting the ALJ's conclusions. *Id.* at 7.

Here, although the ALJ provides citations in the December 2020 to June 2022 record evidence supporting his argument that Plaintiff's testimony is inconsistent with her prior statements, the ALJ fails to identify which parts of Plaintiff's testimony were inconsistent with the records he cites. *See* AR 32; *Treichler*, 775 F.3d at 1103. Thus, the ALJ did not perform the analysis he is required to perform in order to demonstrate specific, clear and convincing reasons for rejecting Plaintiff's testimony, which is harmful legal error. *Suica*, 2021 WL 2624515 at *6.

> ii.   The ALJ failed to address how specific parts of Plaintiff's testimony was inconsistent with her activities of daily living.

The ALJ concluded Plaintiff's daily activities are inconsistent with Plaintiff's statements concerning the alleged intensity, persistence, and limiting effects of her symptoms. AR 32. While the ALJ cites examples of Plaintiff's activities of daily living from the record (*id.*), she does no analysis of these activities when concluding Plaintiff's "ability to participate in such activities is inconsistent with" her statements concerning the alleged intensity, persistence, and limiting effects of Plaintiff's symptoms. *Id.* Plaintiff argues the ALJ does not explain which of the activities listed belies Plaintiff's limiting effects testimony. ECF No. 13 at 11-12. Defendant is silent in response to this argument.

Well settled law establishes the ALJ must identify what parts of Plaintiff's testimony are inconsistent with Plaintiff's activities of daily living and *explain* where and how the inconsistency

---

³ Plaintiff argues the ALJ cites to the same statements in the medical records that appear "to be computer generated and not specific to each visit," and therefore the citations are not probative. ECF No. 13 at 8. Defendant contends Plaintiff's speculation is wrong as the notes are not computer generated, but contemporaneous recordings of Plaintiff's admissions of improvement. ECF No. 15 at 7. The Court finds Plaintiff offers no evidence to support her conclusory assertion that medical notes were computer generated, and the Court will not flesh out this issue for her. *Gonzalez-Hernandez v. Colvin*, Case No. 13-CV-5086-TOR, 2014 WL 4685234, at *5 (E.D. Wash. Sept. 19, 2014) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work-framing the argument and putting flesh on its bones through a discussion of the applicable law and facts."). Therefore, the Court disregards this argument.

arises. *Treichler*, 775 F.3d at 1103. The ALJ cannot just provide citations and then state a conclusion with no explanation whatsoever, which all the ALJ does here. The ALJ's failure to offer any discussion explaining where and how Plaintiff's testimony was inconsistent with her daily activities falls short of the high clear and convincing evidence standard applicable to the ALJ. This is harmful legal error. *Suica*, 2021 WL 2624515 at *6.

> iii. The ALJ failed to address how specific parts of Plaintiff's testimony was inconsistent with objective medical evidence and physicians' opinions.

Although "a *lack* of objective medical evidence may not be the sole basis for rejection of symptom testimony, inconsistency with the medical evidence or medical opinions can be sufficient" to support a finding that the plaintiff's symptom testimony is not credible. *Woods v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-01110-SAB, 2022 WL 1524772, at *10 n.4 (E.D. Cal. May 13, 2022) (emphasis in original). If a lack of objective medical evidence is the basis for an ALJ's rejection of a claimant's testimony, the ALJ must "show [her] work" by explaining how specific parts of claimant's testimony is inconsistent with the record. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (ALJ must "show [her] work" in reaching her conclusions). *See also Treichler*, 775 F.3d at 1103 (ALJ must show how specific parts of Plaintiff's testimony are inconsistent with specific parts of the record in order to properly reject Plaintiff's testimony).

Plaintiff argues because the ALJ improperly discounts Plaintiff's subjective symptom testimony by failing to provide specific, clear and convincing reasons for finding inconsistency with her prior statements and activities of daily living, the only remaining basis for rejecting her testimony is the lack of objective medical evidence supposedly supporting her testimony; and, the lack of objective medical evidence supporting Plaintiff's subjective symptom testimony is—as a matter of law—insufficient on its own to discount her testimony. ECF No. 13 at 12 *citing Mazon v. Commissioner of Social Security*, Case No. 1:22-cv-00342-SAB, 2023 WL 3177797, at *8 (E.D. Cal. May 1, 2023). Defendant responds the ALJ did not depend solely on the lack of objective medical evidence to reject Plaintiff's testimony, but instead relied on Plaintiff's admissions of improvement as well. ECF No. 15 at 9. Therefore, Defendant concludes the ALJ's interpretation of the evidence was reasonable. *Id.*

The ALJ's conclusion that Plaintiff's testimony regarding intensity, persistence and limiting effect of her symptoms and cherry picked medical evidence provides neither the necessary support nor explanation required by well settled law to discount Plaintiff's testimony. Because the ALJ's analysis is incomplete, the ALJ again failed to satisfy the clear and convincing standard that is harmful error supporting remand. *Suica*, 2021 WL 2624515 at *6.

B. *De Minimis* Activities of Daily Living Are Insufficient to Reject Plaintiff's Testimony.

Plaintiff argues the activities of daily living identified by the ALJ are simply a collection of *de minimis* activities that provide an insufficient basis to discount her testimony. ECF No. 13 at 11. Defendant offers no response to this argument.

The Ninth Circuit makes "clear that the mere fact that a plaintiff has carried on certain daily activities … does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." *JoAnne L. v. Comm'r of Soc. Sec.*, Case No. 2:22-CV-01399-JCM-BNW, 2023 WL 6379419, at *7 (D. Nev. Sept. 13, 2023), *report and recommendation adopted*, Case No. 2:22-CV-1399-JCM-BNW, 2023 WL 6379339 (D. Nev. Sept. 29, 2023), *citing Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Instead, it is only when the Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting," that "a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Vertigan*, 260 F.3d at 1049, *citing Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Put simply, the Plaintiff's "ability to perform daily activities is not dispositive of her ability to work eight hours a day, five days a week." *JoAnne L.* 2023 WL 6379419 at *7.

Here, as explained above, the ALJ concludes without analysis, that some of Plaintiff's daily living activities are the same as the activities needed to get and keep employment. AR 32. This is a legally insufficient basis to discount Plaintiff's subjective symptom testimony as it fails to make a specific finding that Plaintiff is able to spend a "substantial part of [her] day" engaging in physical activities that are transferable to a work setting. *Vertigan*, 260 F.3d at 1049, *citing Morgan*, 169 F.3d at 600. The ALJ's error is harmful because it meaningfully impacted the ALJ's conclusion that

8

Plaintiff's testimony was not credible, leading the ALJ to conclude Plaintiff was not disabled. *Shams v. Kijakazi*, Case No. 2:21-cv-01437 AC, 2023 WL 2636382, at *4 (E.D. Cal. March 24, 2023).

        C.        <u>The ALJ Impermissibly Cherry-Picked Evidence From The Record.</u>

"An ALJ may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider evidence as a whole in making a reasoned disability determination." *Nestor S. v. Kijakazi*, Case No. 3:23-CV-01845-JSC, 2023 WL 8007106, at *2 (N.D. Cal. Nov. 16, 2023), *quoting Williams v. Colvin*, Case No. 14-cv-2146-PLA, 2015 WL 4507174, at *6 (C.D. Cal. July 23, 2015) (finding that when an ALJ highlighted portions of the record that supported rejection of Plaintiff's subjective testimony, but ignores evidence on the same page of the record that provided "contrary evidence," this is erroneous cherry-picking). In other words, the ALJ must discuss both the evidence that supports and detracts from her conclusions.[4] *Id.*

The Court's review of the record shows the ALJ picked out parts of the medical record supporting her conclusion that some of Plaintiff's daily living activities are the same as those activities needed to obtain and keep a job. The ALJ did so while ignoring record evidence demonstrating the full extent of Plaintiff's physical limitations. The resulting skewed characterization of Plaintiff's abilities eliminates a discussion of contrary evidence.

The ALJ cites to page 4 of Plaintiff's function report (completed by a friend) to support her finding that Plaintiff holds drives, pays bills, counts change, is able to use a checkbook/money orders, handle a savings account, and shop by computer. AR 458. The ALJ did not cite or discuss the fact that the same report, on the same page, states Plaintiff's "back does not allow her to any house or yard work etc." *Id*. On page two of the function report the ALJ cites Plaintiff's ability to take care of her dog, shave, dress herself, and feed herself, while ignoring that Plaintiff cannot vacuum, wash dishes, "has [a] hard time getting up from a sitting position without help," "has a hard time getting into a comfortable position," "really anxious," "has nights where she cannot sleep and is stressed," needs help getting in and out of the bath, and needs help getting up from using the toilet. AR 456.

---

[4]     Plaintiff argues in her opening brief that the ALJ cherry picked evidence. ECF No. 13 at 10-11. Defendant does not respond to this argument.

9

The ALJ cites to page 5 of Plaintiff's function report to support her finding that Plaintiff spends time with others on the phone, texting, and video chatting, without noting the contrasting discussion that Plaintiff is "not social" because she is "always in pain," and is "[n]ot interested in socializing with people." AR 495. The ALJ cites the finding that Plaintiff can follow written and spoken instructions and gets along with authority figures, but fails to note that the report states Plaintiff does not finish what she starts and gets drowsy from her medication. AR 496. The ALJ says the functions report shows Plaintiff can handle changes in routine, but the ALJ does not discuss that Plaintiff is easily frustrated, has a lot of anxiety, and sometimes gets mad easily when in pain. AR 497.

What is clear is that the ALJ focused on the evidence supporting her conclusion even when evidence to the contrary appears on the same page of the functions report on which the ALJ relied. As a result the ALJ painted an inaccurate picture of Plaintiff's limitations to support her conclusions. This is the essence of cherry-picking that led to the ALJ's discount of Plaintiff's symptom testimony affecting the ALJ's ultimate non-disability determination. *Shams*, 2023 WL 2636382 at *4.

### VII.  PLAINTIFF ERRONEOUSLY ARGUES THE CREDIT AS TRUE STANDARD REQUIRES AN AWARD OF BENEFITS OR REMAND.

Plaintiff contends because the ALJ failed to provide sufficient reasoning for rejecting her subjective testimony, her testimony should be credited as true and this matter should be remanded with instructions to pay benefits. ECF No. 13 at 13-16. In the alternative, Plaintiff requests the Court remand for further administrative proceedings. *Id*. Defendant argues the ALJ's findings should be affirmed or, if the Court finds any reversible error, that remand for further proceedings is the only proper remedy. ECF No. 15 at 10.

The Court may, but is not required to, order an award of benefits when the ALJ fails to provide sufficient reasoning for rejecting testimony and there are no outstanding issues on which further proceedings in the administrative court would be useful. *Treichler*, 775 F.3d at 1101-02. Then, and only if a claimant's testimony is credited as true, is an award of benefits potentially appropriate. *Id*. In articulating the "credit-as-true" framework, the Ninth Circuit is clear that any legal error by an ALJ warrants further record development rather than the direct award of benefits

unless Plaintiff can show "the record as a whole is free from conflicts, ambiguities, or gaps" and "all factual issues have been resolved." *Id.* at 1103-04; *Burrell v. Colvin*, 775 F.3d 1133, 1137-40 (9th Cir. 2014). When an ALJ's "findings regarding the claimant's subjective testimony are inadequate, remand for further findings on credibility is appropriate." *Reveles v. Berryhill*, Case No. 2:19-CV-00100-VCF, 2020 WL 636917, at *3 (D. Nev. Feb. 11, 2020), *citing Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995).

The foregoing demonstrates remand of this matter is the appropriate outcome. The ALJ made legal errors—inadequate findings regarding Plaintiff's subjective testimony—that are properly addressed through further proceedings. For this reason, the Court rejects Plaintiff's request for the extraordinary outcome of an award of benefits and remands this case for further administrative proceedings.

**VIII.  Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 13) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 15) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that this matter is remanded for further administrative action pursuant to the Social Security Act § 205(g), as amended, 42 U.S.C. § 405(g), sentence four. On remand, the Appeals Council will remand the case to an administrative law judge (ALJ) for a new decision.

DATED this 23rd day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE